## Decatur Monument Company and John M. O'Dell, Appellants, v. New Graceland Cemetery Association et al., Trustees, Appellees.

### Gen. No. 9,724.

Opinion filed March 7, 1951. Released for publication April 3, 1951.

F. R. WILEY, of Decatur, for appellants.

WEILEPP & WILSON, of Decatur, for appellees.

MR. JUSTICE WHEAT delivered the opinion of the court.

Plaintiff Decatur Monument Company, a corporation, and plaintiff John M. O'Dell, brought this action

to enjoin the defendants New Graceland Cemetery Association, a corporation, and the Trustees of Decatur Cemetery Land Company, from engaging in the sale of monuments, from enforcing restrictions in deeds to lot owners forbidding the grantees to purchase monuments from other than the defendants, and for kindred relief. The trial court entered an injunctionary decree granting partial relief, and plaintiffs appeal to obtain broader and more complete relief.

The complaint as amended charges that on March 25, 1920, one Horace Pritchett, by a declaration of trust in writing conveyed to certain persons designated as "Trustees of Decatur Cemetery Land Company" certain real estate in Macon county, Illinois, with the power

"to manage, improve, develop, lease, sell, mortgage, convey, or make any other disposition of the premises acquired by them under the terms hereof to the end that a cemetery may be established on the same."

that on September 21, 1920, the then Trustees made an agreement in writing with the defendant, New Graceland Cemetery Association, a nonprofit corporation organized under the laws of Illinois relating to cemeteries, and which agreement among other things set forth the intention of the trustees to improve and plat said real estate as a cemetery to be known as "New Graceland Cemetery," and thereafter to sell lots for burial purposes therein; that the membership of the Association was to be made up of the lot owners in said cemetery for the purpose of caring for, maintaining, and establishing rules and regulations for the government of said cemetery. (Inasmuch as the decree granted certain specific relief and both plaintiffs and defendants are not seeking to disturb it, it will be unnecessary to set forth all of the allegations of the complaint, or to discuss all of the evidence, but this statement will be limited to such parts of the record

as pertains to the one assignment of error argued in plaintiffs' brief, to wit: that the court should have enjoined the Trustees of the Cemetery Land Company from engaging in selling monuments and markers.) The complaint then charges that the defendants through the agency of one of the trustees, are now engaged, and have been for some time last past, in the sale of monuments and markers to be placed in said cemetery, and intend to continue so doing. Insofar as this appeal is concerned the prayer for relief is that the Trustees of Decatur Cemetery Land Company be restrained from engaging in the business of purchase and sale of monuments and markers.

Upon a hearing, the Chancellor entered a decree that the defendants New Graceland Cemetery Association, a corporation, and the Trustees of the Decatur Cemetery Land Company be enjoined and restrained from (1) forbidding by any provision in a deed or by rule or regulation the use and erection by any lot owner of any marker or monument purchased from or erected by others than the defendants; (2) forbidding the lot owners to place monuments or markers or foundations therefor on their lots, obtained from others than defendants. The decree denied the relief prayed for that the Trustees of Decatur Cemetery Land Company be enjoined from purchasing or selling markers or monuments.

Three assignments of error are set forth: (1) that the court erred in not granting plaintiffs all of the relief prayed for; (2) the court erred in refusing to enjoin the Trustees of Decatur Cemetery Land Company from engaging in the sale of markers and monuments; (3) the court erred in not enjoining both defendants from engaging in the construction of foundations for markers and monuments for profit. The latter assignment is waived by the failure of plaintiffs' brief to discuss the same.

694

The brief of plaintiffs is in two sections, the latter one being in support of the decree to the extent that it granted limited relief. As the defendants, at the conclusion of their brief, state: "The principal duty of the Decatur Cemetery Land Company . . . will be materially affected if the decree of the Circuit Court of Macon County is altered. For the reasons above stated, we see no reason why the findings of the trial Court should be reversed," it will be unnecessary to consider such part of the brief. The first section of the brief is divided into two parts, the latter styled "The acts of the trustees and the Cemetery Association in claiming the exclusive right to put in foundations and selling monuments tends to create a monopoly, and are void." As the decree so found it will be unnecessary to consider this part of the brief. As heretofore stated only one question remains: should the court have enjoined the Trustees of Decatur Cemetery Land Company from engaging in the business of buying and selling markers and monuments?

As to whether or not the trustees have such power to engage in the monument business, plaintiffs cite, in support of their proposition that the enterprise of operating cemeteries is distinct from and need not be associated with the business of selling monuments, the case of Opinion of the Justices (Mass.), 79 N. E. (2d) 883. Such opinion was an advisory opinion rendered by the Supreme Judicial Court of Massachusetts at the request of the Senate as to the constitutionality of a proposed law to prohibit the selling of monuments by cemetery associations. While the factual situation has no similarity to the instant case the language of the opinion is of interest. It states: "It seems plain that the enterprise of operating a cemetery is distinct from, and need not be associated with, 'the business of selling monuments for cemetery lots.' . . . We have been unable to perceive in the proposed act any ra-

tional tendency to promote the safety, health, morals, or general welfare of the public. Certainly it is not a health regulation. We do not see what evil arises if an individual or a religious society owning or operating a cemetery also sells monuments, perhaps, even merely as a convenience to the public and not for profit, since the proposed act makes no distinction in this respect. It is common for an individual or group of individuals to engage in more than one lawful occupation. And we see no incompatibility between the two occupations here involved which might be thought to operate to the public detriment. If it is suggested that a bereaved family seeking a place to bury their dead might possibly be exposed to undesirable importunity in the matter of purchase of a monument or might be discriminated against for refusal to buy, it might equally well be argued that for similar reasons an undertaker should be forbidden to sell caskets or a lawyer to act as administrator. Equal grounds exist for the separation of many forms of activity which are commonly carried on together without objection and to the general convenience of the public. The reason just suggested for the proposed act seems fanciful rather than real, but we have been unable to think of any other object to be promoted. . . . If any evils lurk in the association of a cemetery with the selling of monuments we would suppose that they could be met by direct attack without the sweeping prohibitions contained in the proposed act. . . . It might also be necessary to provide some means for disposing of stocks of monuments on hand in order to avoid practical confiscation of them.''

██ It is the opinion of this court that the trustees do have such powers to engage in the business of buying and selling monuments and that engaging in such

business is not inconsistent with the express or implied powers set forth in the Declaration of Trust. The decree of the circuit court will be affirmed.

*Affirmed.*